UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NEAL A. HANN

        Plaintiff,

v.                                                            Case Nos. 13-CV-14616
                                                                      & 13-CV-11934
                                                         Honorable Denise Page Hood

NESTLE USA, INC., a foreign corporation,
and DREYER'S GRAND ICE CREAM
COMPANY, d/b/a NESTLE DSD CO., a
foreign corporation,

        Defendants.
_____/

**ORDER REGARDING MOTIONS FOR RECONSIDERATION**

This matter comes before the Court pursuant to Plaintiff Neal Hann's Motions for Reconsideration Regarding this Court's Order Granting Defendants' Motion to Dismiss **[13-CV-14616: Docket No. 23; 13-CV-11934: Docket No. 18, filed April 11, 2014]**. Plaintiff filed motions for the Court to Enter an Order Determining Plaintiff's Motion for Reconsideration by All Plaintiffs **[13-CV-14616, Docket No. 24; 13-CV-11934: Docket Nos. 19-20, filed August 22, 2014]**. For the reasons stated below, Plaintiff's motions for reconsideration is **GRANTED** as to case number **13-CV-14616,** and **DENIED** as to case number **13-CV-11934**.

1

I. **BACKGROUND**

The Court's understanding of the facts is as follows: Plaintiff, a resident of Michigan, was employed by Defendants since 2012. In October 2011, Plaintiff was diagnosed with hypertrophic cardiomyopathy, a medical condition that requires him to avoid excessive lifting, pushing, or pulling.

Plaintiff's job description required him to be able to occasionally lift up to 25 lbs. boxes and push or pull up to 35 to 75 lbs. of force. On April 10, 2012, Plaintiff notified Defendants that he was able to return to work. On May 25, 2012, Defendants received a Return to Work Release from the Plaintiff's physician indicating that Plaintiff should not lift more than 15 lbs., and should not push or pull more than 50 lbs. On June 13, 2012, the Defendants rejected Plaintiff's request to return to work with the aforementioned restrictions. On August 1, 2013, Defendants notified Plaintiff that he could not be reasonably accommodated and that his employment would be terminated August 17, 2021.

In case number 13-CV-14616, Plaintiff argues that Defendants had a duty to provide reasonable accommodation, which he suggests as being permitted to divide the loads before lifting, pushing, or pulling them to avoid surpassing the limitations set by his treating physician, to have another employee assist him, or to eliminate objects over the weight limit from his job description. Plaintiff also argues that the

termination violated the Americans with Disabilities Civil Rights Act of 1990, as amended (hereinafter "ADAAA").

Defendants moved to dismiss, stating Plaintiff has not proven a disability as defined under the Americans with Disabilities Act (hereinafter "ADA") and an employer is not required to provide an additional employee to help as a part of a reasonable accommodation.

In case number 13-CV-11934, Plaintiff claims Defendants violated Michigan's Persons with Disabilities Civil Rights Act (hereinafter "PWDCRA"). Plaintiff contends that the Court erred in granting Defendants' Motion to Dismiss, because the ADAAA has a broader definition of disability and the "Michigan courts rely on the federal American With Disabilities Act to interpret the PWDCRA" (Br. In Supp. of Pl.'s Mot. for Recons.).

## II.     STANDARD OF REVIEW

In analyzing motions for reconsideration, the Court is guided by the standard of review set forth in the Local Rules of the United States District Court for the Eastern District of Michigan, which provides:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

L.R. 7.1(h). This Court has discretion to grant or deny Defendant's Motion for Reconsideration (*Sommer v. Davis*, 317 F.3d 686, 691 (6th Cir. 2003)).

### III. ANALYSIS

In his Complaint in case number **13-CV-14616**, Plaintiff claims relief for Defendants' failure to accommodate as required pursuant to 42 USC 12112(b)(5)(A) and Defendants' Violation of the ADAAA (Compl. ¶¶ 25-28). Although Plaintiff did not provide case law supporting a finding of a disability with a minor lifting restriction until the Motion for Reconsideration filed on April 11, 2014, the Court did err in failing to apply the lower standard of the ADAAA in the March 31, 2014 Order Granting Defendants' Motion to Dismiss the Complaint. The Court agrees that the lesser standard coupled with evidence provided of the Plaintiffs' limitations with regards to lifting, pushing, and pulling support a denial of the Defendants' Motion to Dismiss.

In case number **13-CV-11934**, Plaintiff claims Defendants violated Michigan's PWDCRA. Plaintiff contends that the Court erred in granting Defendants' Motion to Dismiss, because the ADAAA has a broader definition of disability and the Court should rely on the ADA to interpret the PWDCRA (Br. in Supp. of Pl.'s Mot. for Recons.). Prior to the adoption of the ADAAA, the Michigan Supreme Court and the Michigan Court of Appeals relied on the ADA to interpret the PWDCRA (*Chiles v. Machine Shop, Inc.*, 238 Mich. App. 426, 606

4

N.W.2d 398, 405 (1999)). Plaintiff has not, however, provided case law to support relying on the ADAAA, rather than the ADA, to interpret the PWDCRA. For this reason, Plaintiff's Motion for Reconsideration is DENIED in case number 13-CV-11934.

## IV. ORDER

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Reconsideration **[Docket No. 23, filed April 11, 2014]** in case **13-CV-14616** is **GRANTED** and Plaintiff's Motion for the Court to Enter an Order Determining Plaintiff's Motion for Reconsideration **[Docket No. 24, filed August 22, 2014]** is deemed **MOOT**.

**IT IS FURTHER ORDERED** that the Order Granting Defendants' Motion to Dismiss **[Docket No. 21, Filed March 31, 2014]** and the Judgment in favor of Defendants against Plaintiff **[Docket No. 22, filed March 31, 2014]** in case **13-CV-14616** are **SET ASIDE** and the case is reopened.

**IT IS ORDERED** that a scheduling conference in that case is set for **October 1, 2014 at 3:30 p.m.**

**IT IS ORDERED** that the Plaintiff's Motion for Reconsideration **[Docket No. 18, filed April 11, 2014]** in case **13-CV-11934** is **DENIED**.

**IT ALSO FURTHER ORDERED** that the Plaintiff's Motion for the Court to Enter Order Determining Plaintiff's Motion for Reconsideration **[Docket Nos. 19 & 20, filed August 22, 2014]** in case **13-CV-11934** is **DEEMED MOOT**.

Dated: September 16, 2014            s/Denise Page Hood
                                     Denise Page Hood
                                     United States District Judge

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 16, 2014, by electronic and/or ordinary mail.

                                     s/LaShawn R. Saulsberry
                                     Case Manager